# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 1:18-cv-02575-RM-NRN

PHILLIP ROMERO,

    Plaintiff,

v.

TRAVIS,
KLAUS, and
TODD,

    Defendants.

## ORDER

This matter is before the Court on the September 16, 2019, recommendation of United States Magistrate Judge N. Reid Neureiter (ECF No. 75) to grant in part and deny in part Defendants' motions to dismiss (ECF Nos. 51, 54, 55). Defendants Klaus and Travis[1] have filed objections to the recommendation (ECF Nos. 76, 77). For the reasons below, the Court overrules the objections, accepts and adopts the recommendation, grants Defendant Todd's motion to dismiss, and denies the other motions to dismiss. The recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

---

[1] Some of the pleadings refer to Defendant Travis as "Mr. Polk."

## I. BACKGROUND

Plaintiff is a state prisoner who proceeds pro se.[2] For present purposes, the allegations in his complaint are construed liberally and accepted as true. In April 2018, Plaintiff was issued a cane by medical staff at the Weld County Jail. Plaintiff needed the cane due to his "obvious injuries and surgeries to [his] knees, ankle and foot." (ECF No. 22 at 4.) The following month, Defendant Todd, an employee of the Weld County Sheriff's Office who worked at the jail, took the cane from Plaintiff and instructed another officer to take away the cane. At a medical appointment later that day, Defendant Travis, a member of the medical staff, told Plaintiff that "even with [his] need," Defendant Travis could not give Plaintiff a cane because Defendant Todd told him not to. (*Id.*) Plaintiff was subsequently seen by Defendant Klaus, another member of the medical staff, who stated that she could not give him a cane, "despite [his] obvious need," because Defendant Travis had already denied the request. (*Id.*) In June 2018, another member of the medical staff ordered a walker for Plaintiff. The following month, a deputy at the jail observed Plaintiff picking up his lunch and drink without the walker and took it from him, stating that he did not need it. Since then, Plaintiff has suffered from "increased chronic pain" and "the inability to walk correctly and move smoothly and at times the inability to walk at all because of extreme pain or imbalance issues." (*Id.* at 5.)

Plaintiff asserts a claim for violation of his Eighth Amendment rights under 42 U.S.C. § 1983 and another claim for intentional infliction of emotional distress under state law. Defendants Travis and Klaus separately moved to dismiss both claims against them; Defendant

---

[2] Although Plaintiff is now appointed with pro bono counsel (ECF Nos. 84, 88), he has proceeded pro se for all purposes related to this order.

Todd moved to dismiss only the claim for emotional distress. Plaintiff responded only to Defendant Todd's motion. The motions were referred to the magistrate judge, whose determinations with respect to each motion are discussed below.

## II. LEGAL STANDARDS

Plaintiff proceeds pro se; thus, the Court liberally construes his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But the Court does not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district may review a magistrate's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and

courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted). To determine whether a claim is plausible, a court considers "the elements of the particular cause of action, keeping in mind that the Rule 12(b)(6) standard doesn't require a plaintiff to set forth a prima facie case for each element." *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1247 (10th Cir. 2016) (quotation omitted). However, if the allegations "are so general that they encompass a wide swath of conduct, much of it innocent," the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quotation omitted).

## III.    ANALYSIS

To establish a claim for inadequate medical care under § 1983, an inmate must establish that prison officials were deliberately indifferent to his serious medical needs. *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001). "Deliberate indifference" involves both an objective and a subjective component. *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). To satisfy the objective component, a medical need must be either sufficiently serious that it has been diagnosed by a physician as mandating treatment or so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Oxendine*, 241 F.3d at 1276. To satisfy the subjective component, the plaintiff must show that the prison official knew of and disregarded an excessive risk to his health or safety by failing to take reasonable measures to abate it. *Id.*; *Sealock*, 218 F.3d at 1209. For claims involving failure to treat a serious medical condition properly, a medical professional's mere negligence in diagnosing or

4

treating the condition does not constitute deliberate indifference.  *Sealock*, 218 F.3d at 1211 (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)).

To state a claim for intentional infliction of emotional distress under Colorado law, a plaintiff must show "(1) the defendant engaged in extreme and outrageous conduct; (2) the defendant engaged in such conduct recklessly or with the intent of causing the plaintiff severe emotional distress; and (3) the defendant's conduct caused the plaintiff to suffer severe emotional distress." *English v. Griffith*, 99 P.3d 90, 93 (Colo. App. 2004).

### A.     Defendant Travis

Defendant Travis moved to dismiss Plaintiff's claim for deliberate indifference on the grounds that Plaintiff failed to establish both the objective and subjective components of a claim. The magistrate judge rejected both arguments, finding Plaintiff satisfied the objective component by alleging that his injuries were obvious and serious and that medical staff issued him both a cane shortly before Defendant Travis saw him and a walker shortly afterward.  The magistrate judge determined that Plaintiff satisfied the subjective component by alleging Defendant Travis told him he could not provide him with a cane merely because Defendant Todd told him not to—not for any medical reason.  In his objection to the recommendation, Defendant Travis argues Plaintiff's allegations about the obviousness of his injuries are conclusory and that he failed to allege facts as to why he was issued a cane.  The Court finds these allegations are sufficient to state a plausible claim that his medical needs were sufficiently serious and obvious.  The Court further finds that the allegations are sufficient to state a plausible claim that Defendant Travis knew of and disregarded a substantial risk to Plaintiff's health by failing to take reasonable steps to abate it.

In his motion to dismiss, Defendant Travis argued that Plaintiff failed to establish all three elements of his claim for emotional distress. The magistrate judge determined that Plaintiff's allegation that Defendant Travis knew he suffered from severe leg injuries and refused to provide him with a cane was sufficient to satisfy the first element. However, the magistrate judge did not expressly address the other elements of a claim for emotional distress. Reviewing the matter de novo, the Court finds Plaintiff's allegations are sufficient to state a claim with respect to whether Defendant Travis acted recklessly (second element) and whether his actions caused Plaintiff to suffer severe emotional distress (third element). Construed liberally, the allegations establish that Defendant Travis abdicated his role as a medical provider by declining even to consider providing Plaintiff with a cane despite his obvious leg injuries. This is sufficient to state a claim for emotional distress under Colorado law.

B.  **Defendant Klaus**

Defendant Klaus moved to dismiss Plaintiff's claim for deliberate indifference because "medical judgments of healthcare providers are beyond the scope of the Eight Amendment." (ECF No. 76 at 5.) But the magistrate judge determined that the allegations were sufficient to state a claim against Defendant Klaus because Plaintiff alleged she "examined [him] and denied him a cane only because she could not 'go around'" Defendant Travis. (ECF No. 75 at 9.) Construing the allegations liberally and in the light most favorable to Plaintiff, he does not allege merely negligent treatment or disagreement over the treatment provided; rather, he contends that Defendant Klaus decided she would not provide medical treatment regardless of Plaintiff's need for such treatment. Therefore, the Court agrees the allegations state for deliberate indifference against Defendant Klaus.

6

Defendant Klaus also moved to dismiss Plaintiff's claim for emotional distress. The Court finds that Plaintiff's allegations are sufficient to state a plausible claim against Defendant Klaus for the same reasons stated above with respect to Defendant Travis.

C. **Defendant Todd**

Defendant Todd moved to dismiss only Plaintiff's state law claim, arguing that the Court lacks jurisdiction over it because, inter alia, Plaintiff did not plead compliance with the notice requirement of the Colorado Governmental Immunity Act ("CGIA"). Under the CGIA, "[a]ny person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment . . . shall file a written notice as provided in this section within one hundred eight-two days after the date of the discovery of the injury." Colo. Rev. Stat. § 24-10-109(1); *see Maestas v. Lujan*, 351 F.3d 1001, 1014 (10th Cir. 2003) (stating that failure to comply with the notice requirement is an absolute bar to suit). Plaintiff filed a pleading that the magistrate judge construed as a response to Defendant Todd's motion, arguing that he provided notice of his claim by submitting grievances at the jail. (ECF No. 72.) The magistrate judge rejected Plaintiff's argument, stating that the complaint was devoid of any allegation that he complied with the CGIA's notice requirements. Plaintiff did not object to the recommendation, and the Court discerns no error with respect to the magistrate judge's analysis of this claim. Accordingly, the claim for emotional distress against Defendant Todd is dismissed.

## IV. CONCLUSION

Therefore, the Court OVERRULES the objections (ECF Nos. 76, 77), ACCEPTS and ADOPTS the recommendation (ECF No. 75), GRANTS Defendant Todd's motion to dismiss (ECF No. 54), and DENIES the other motions to dismiss (ECF Nos. 51, 55).

DATED this 9th day of March, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge